Merwin J. Carnright, Esq. Senior Assistant County Attorney, Rockland County
You have asked whether a member of the board of directors of a regional off-track betting corporation may also serve as a Village trustee.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are not aware of any constitutional or statutory prohibition against the simultaneous holding of the offices in question. A person who holds a village office may hold another public office provided that it does not interfere with the performance of his duties as a village officer (Village Law, § 3-300[4]). Article VII-A of McKinney's Unconsolidated Laws, which established regional off-track betting corporations, contains a number of provisions indicating that the regional corporation's contacts with local government will be principally on the county level (see §§ 8116 and 8117). We anticipate no occasions when an individual would be placed in the position of having simultaneously to represent competing interests of the corporation and the village. We assume, however, that in the event the corporation should contemplate entering into some contractual or other relationship with the village which would involve the village board (Village Law, §1-102), the trustee/board member would decline to participate in the disposition of the matter.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.